IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAS SAGARAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-3599 |
| | § | |
| WAL-MART STORES TEXAS LP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER DENYING MOTION TO REMAND**

Plaintiff Ras Sagaral, a Texas citizen, sued Wal-Mart Stores Texas LP ("Wal-Mart") in Texas state court, alleging employment discrimination. Suit was filed on September 6, 2005 and served on Wal-Mart's registered agent for service of process by certified mail on September 22, 2005. The case was removed to federal court on October 14, 2005. In the notice of removal and the declaration supporting removal, Wal-Mart asserted that when the suit was filed and removed, "there [were] no members in the partnership, natural or artificial, that [were] residents of the state of Texas." (Docket Entry No. 1, Ex. 3, ¶ 2). In the motion to remand, Sagaral argues that the notice and declaration are insufficient to support removal because they do not allege or state that the constituent members of the partnership are not "citizens" of Texas, as opposed to "residents." Sagaral also argues that defendant waived the right to remove by promulgating extensive written discovery requests before removal. Defendant has responded, filing a declaration that identifies its members—a limited partner, Wal-Mart Rio Grande Investment, L.L.C., and a general partner, Wal-Mart Stores East, L.P.,

which is in turn comprised of WSE Management, LLC, and WSE Investment, LLC—and their citizenship. The declaration states that none of the defendant partnership's members are Texas citizens.

Sagaral relies on cases holding that an "allegation of residency does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam). The citizenship of limited partnerships and other unincorporated entities such as an L.L.C. is determined by looking at the citizenship of the members that comprise the legal entities. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–88 (1990); *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992). The notice of removal and the accompanying declaration referred to the residence of the constituent members of the defendant limited partnership. Although Wal-Mart asserts that it "intended to encompass its principal place of business, home office, 'nerve center,' location of day-to-day management, and headquarters, [and] other indicia for 'citizenship' consideration," (Docket Entry No. 8, p. 2 n.1), the cases require allegations of "citizenship," a concept that includes but is not limited to residency. Wal-Mart's allegations and declaration showing residence are deficient as a basis for removal, but remand is not required on that basis. Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." When, as here, there is a defective (as opposed to a missing) allegation of jurisdiction in a notice of removal, a party may amend the notice to cure the defect. *See D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146–47 (5th Cir. 1979); *UICI v. Gray*, No. 01-0921L, 2002 WL 356753 at * 2 (N.D. Tex. March 1, 2002).

An amendment to replace allegations of residence with allegations of citizen is a mere correction of a technical defect. *UICI*, 2002 WL 356753 at * 2.

Wal-Mart's declaration accompanying its response to the motion to remand corrects the defect in removal by setting out the citizenship of the defendant and its constituent entities. To ensure that no question remains, this court also orders defendant to file an amended notice of removal no later than January 6, 2006. But it is clear that the allegedly defective allegation of diversity does not provide a basis to remand.

Sagaral also argues that because Wal-Mart filed interrogatories, production requests, and a request for plaintiff's deposition a few days before filing the notice of removal, Wal-Mart has waived its right to remove. While actions taken in the state court may waive removal, waiver does not result if those actions fall "short of proceeding to an adjudication on the merits." *Beighley v. F.D.I.C.*, 868 F.2d 776, 782 (5th Cir. 1989); *Ortiz v. Brownsville Indep. School Dist.*, 257 F. Supp.2d 885, 889 (S.D. Tex. 2003). The discovery requests Wal-Mart sent Sagaral shortly before removing did not waive the right to remove.

Wal-Mart is ordered to amend its notice of removal by **January 6, 2006.** The motion to remand is denied.

SIGNED on December 19, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge